```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
                                   |
GLEN VAUGHN,                       |
                                   |
            Petitioner,            |
                                   |            04 Civ. 1055 (KMW)
      -against-                    |
                                   |            OPINION AND ORDER
UNITED STATES OF AMERICA,          |
                                   |
            Respondent.            |
                                   |
-----------------------------------X
```

KIMBA M. WOOD, U.S.D.J.:

　　Petitioner Glen Vaughn brings this pro se petition, pursuant to 28 U.S.C. § 2255, asking the Court to vacate, set aside, or correct his sentence.  Petitioner asserts that (1) he was denied effective assistance of counsel, and (2) the calculation of his sentence under the United States Sentencing Guidelines was incorrect.  For the reasons set forth below, the petition is denied.


**BACKGROUND**

　　On March 14, 2000, Petitioner was indicted on charges of conspiracy to distribute, and conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A).  Petitioner appeared before the Court on March 19, 2001, for the purpose of pleading guilty to the charges in the indictment.  Pursuant to a plea agreement signed during

the plea proceeding, the parties stipulated to a sentencing range of 120 to 135 months imprisonment ("First Plea Agreement").  The plea proceeding was ultimately adjourned, however, to allow the parties to confer on the amount of controlled substances at issue.

On March 22, 2001, the parties executed a second plea agreement, in which the parties again stipulated to a sentencing range of 120 to 135 months imprisonment ("Second Plea Agreement").  Petitioner pled guilty pursuant to the Second Plea Agreement on March 30, 2001.  The United States Probation Office thereafter prepared a Presentence Investigation Report ("PSR"), dated July 24, 2001, which contained additional information regarding Petitioner's criminal history.  Based on this additional information, the PSR recommended a sentencing range of 262 to 327 months imprisonment.

On January 28, 2002, the parties executed a superseding plea agreement ("Third Plea Agreement"), in which they agreed that (1) the stipulations set forth in the Third Plea Agreement would apply to Petitioner's case rather than those set forth in the Second Plea Agreement, (2) the Government would file a Superseding Information, charging Petitioner with a violation of 21 U.S.C. §§ 846 and 841(b)(1)(C), and (3) the Government would not object to Petitioner's motion to withdraw his earlier plea to the underlying indictment, provided that Petitioner entered a

guilty plea to the Superseding Information.

The Third Plea Agreement incorporated Petitioner's criminal history information as reported in the PSR, but stipulated to a lower sentencing range of 151 to 188 months imprisonment because the Superseding Information would charge Petitioner with a lesser offense than the original indictment.  The Third Plea Agreement also contained a waiver provision, whereby Petitioner explicitly agreed that he would "neither appeal, nor otherwise litigate under Title 28, United States Code, Section 2255, any sentence within or below the stipulated Sentencing Range of 151 to 188 months."  (Opp. Ex. E at 8.)

On February 13, 2002, Petitioner pled guilty to the Superseding Information pursuant to the Third Plea Agreement, and withdrew his earlier guilty plea to the underlying indictment. The Court then sentenced Petitioner to 151 months imprisonment. Petitioner filed a notice of appeal to the United States Court of Appeals for the Second Circuit, but on or about December 17, 2002, Petitioner moved pro se to dismiss his appeal.  The Court of Appeals granted Petitioner's motion to dismiss on January 10, 2003.  Petitioner timely filed this pro se petition pursuant to 28 U.S.C. § 2255 ("Section 2255") on January 6, 2004.

**DISCUSSION**

I.   **THE SECTION 2255 STANDARD**

Section 2255 allows a convicted person being held in federal custody to petition the sentencing court for an order vacating, setting aside, or correcting her sentence.  28 U.S.C. § 2255 (2007).  Relief under Section 2255 is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'"  United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).  As Petitioner is proceeding pro se, the Court shall construe his submissions to raise the strongest arguments suggested.  See Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995).

Petitioner seeks relief under Section 2255, arguing that he was denied effective assistance of counsel with respect to his pretrial proceedings and sentencing, and that the Court erred in calculating his sentence under the United States Sentencing Guidelines ("Guidelines").[1]  (Pet. 4-7.)

---

[1] On July 26, 2004, Petitioner requested leave to amend his petition to include a claim that his sentence is unconstitutional under Blakely v. Washington, 542 U.S. 296 (2004), because certain facts upon which his sentence was based were not found by a jury beyond a reasonable doubt.  By Order dated September 13, 2004, the Court denied Petitioner leave to amend without prejudice, and held the remainder of the petition in abeyance pending the Supreme Court's decision as to whether Blakely applied to sentences issued under the Guidelines.  In United States v. Booker, 543 U.S. 220 (2005), the Supreme Court upheld the Guidelines as advisory, notwithstanding

## II.  PETITIONER WAIVED HIS RIGHT TO CHALLENGE HIS SENTENCE PURSUANT TO SECTION 2255.

The waiver provision contained in the Third Plea Agreement, by which Petitioner waived his right to challenge his sentence pursuant to Section 2255, forecloses Petitioner's claims of relief.  A defendant's knowing and voluntary waiver of his right to bring a petition pursuant to Section 2255 is generally enforceable.  See Fredrick v. Warden, Lewisburg Corr. Facility, 308 F.3d 192, 195-96 (2d Cir. 2002); Garcia-Santos v. United States, 273 F.3d 506, 508-09 (2d Cir. 2001) (per curiam).  Such a waiver is unenforceable, however, where defendant was denied effective assistance of counsel in connection with the negotiation and execution of the plea agreement containing the waiver.  See United States v. Muniz, 360 F. Supp. 2d 574, 577 (S.D.N.Y. 2005) (citing United States v. Hernandez, 242 F.3d 110, 113-14 (2d Cir. 2001)).

Here, because the record demonstrates that the waiver was knowing and voluntary, and that Petitioner received effective assistance of counsel, the waiver should be enforced.  See Muniz, 360 F. Supp. 2d at 577.

## A.  PETITIONER'S WAIVER WAS KNOWING AND VOLUNTARY.

A defendant's waiver of his right to file a Section 2255 petition is knowing and voluntary where the defendant "fully

---

Blakely.  Petitioner's Blakely-related claims are therefore moot.

understood the consequences of the waiver," and his decision was
not "the product of actual or threatened physical harm, mental
coercion overbearing the defendant's will, or the defendant's
sheer inability to weigh his options rationally." United States
v. Roque, 421 F.3d 118, 122 (2d Cir. 2005) (internal quotations
and citations omitted).  Petitioner argues that he was unable to
fully understand the consequences of the waiver because (1) he is
an "uneducated" person who suffers from "mental instability," and
(2) he was shown "three different plea agreements" within a "very
short period of time."  (Traverse 2.)  Petitioner's arguments are
unavailing.

　　First, Petitioner's claimed incompetence to enter into the
waiver is demonstrably false.  In response to the Court's
questioning at his plea proceeding, Petitioner answered that he
was fully competent to proceed with his plea and sentencing.
(Plea Tr. 11:17 - 12:17.)  Petitioner then stated that he had
read the waiver provision and fully understood its consequences.
(Plea Tr. 21:19 - 22:18; 26:9 - 27:17.)  The Court subsequently
found that Petitioner was "fully competent and capable of
entering an informed plea."  (Plea Tr. 45:10-18.)  The Court's
finding of competence, coupled with Petitioner's on-the-record
statements affirming his understanding of the waiver, defeat
Petitioner's post hoc claim of incompetence.  See, e.g., Oyague
v. Artuz, 393 F.3d 99, 106 (2d Cir. 2004) (rejecting claim of

incompetence based on prior drug use, where petitioner's "express representations" on the record established his competence); Gonzalez v. United States, No. 06 Civ. 14431, 2007 WL 1856625, at *1 (S.D.N.Y. Jun. 27, 2007) (finding petitioner competent to enter plea, despite petitioner's claim that he suffered from a brain tumor); Lebron v. United States, No. 06 Civ. 5049, 2007 WL 1159646, at *7 (S.D.N.Y. Apr. 18, 2007) (finding petitioner's claimed "lack of education" and "illiteracy" did not render him incompetent to enter a guilty plea, where petitioner affirmed he understood the plea agreement).

Second, the record indicates that Petitioner had sufficient time to review the waiver provision.  During his plea allocution, Petitioner stated that he had read the waiver provision, reviewed it with counsel, and fully understood its terms and consequences. (Plea Tr. 20:18 - 22:18; 26:9 - 27:17.)  The Court may rely on Petitioner's on-the-record statements regarding his understanding of the waiver provision.  Sharpley v. United States, 499 F. Supp. 2d 208, 210 (N.D.N.Y. 2007).

The Court finds that Petitioner's waiver of his right to file a Section 2255 petition was knowing and voluntary.

**B.  PETITIONER RECEIVED EFFECTIVE ASSISTANCE OF COUNSEL IN CONNECTION WITH THE THIRD PLEA AGREEMENT.**

To prove that he was denied effective assistance of counsel in connection with the Third Plea Agreement, Petitioner must show (1) that counsel's performance fell below an "objective standard

7

of reasonableness," and (2) that he was prejudiced as a result. Strickland v. Washington, 466 U.S. 668, 688, 692 (1984); see also Kieser v. New York, 56 F.3d 16, 18 (2d Cir. 1995). The Court need not "address both components of the [Strickland] inquiry if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697.

Petitioner argues that he was denied effective assistance of counsel in connection with the Third Plea Agreement because counsel (1) failed to request a "competency examination" to determine whether Petitioner was competent to enter into the waiver, and (2) "abandoned" the First Plea Agreement, which was more "advantageous" to Petitioner. (Traverse 2-3.) Neither claim demonstrates that counsel's performance fell below an objective standard of reasonableness.

First, as described above, Petitioner's claim that he was incompetent to enter into the waiver is flatly contradicted by the record. (Plea Tr. 11:17 - 12:17; 45:10-18.) Therefore, counsel's decision to forgo requesting a competency hearing was reasonable. See Flores De Garcia v. United States, No. 03 Civ. 3325, 2001 WL 1425368, at *3 (S.D.N.Y. Nov. 13, 2001) (rejecting similar ineffective assistance of counsel claim, where court found petitioner competent to enter guilty plea); cf. Flores v. Demskie, 215 F.3d 293, 297 (2d Cir. 2000) (finding that counsel's performance may not be deemed ineffective "merely because he did

8

not pursue a concededly frivolous substantive claim").

Second, Petitioner wrongly asserts that the First Plea Agreement would have led to a more favorable sentence.  While the First Plea Agreement's stipulated sentencing range was lower than that offered in the Third Plea Agreement, the First Plea Agreement did not take into account Petitioner's additional criminal history information, which was reported in the PSR.  By contrast, the Third Plea Agreement stipulated that the Government would charge Petitioner with a lesser offense, thereby reducing the overall Guidelines sentencing range applicable to Petitioner's case, even when taking into account the additional criminal history information reported in the PSR.  The Third Plea Agreement was therefore arguably more favorable to Petitioner. Thus, counsel's decision to pursue the Third Plea Agreement was reasonable.  See, e.g., Nicholson v. Michael, No. Civ. A. 05-6490, 2006 WL 2088306, at *11 (E.D. La. Jun. 5, 2006) (rejecting claim that counsel was ineffective simply because counsel did not pursue a prior agreement that offered a lower sentence); cf. Strickland, 466 U.S. at 689 (affording performance of counsel a "strong presumption" of reasonableness in the context of strategic decisions).

**CONCLUSION**

For the reasons stated above, Petitioner's Section 2255 motion is DENIED.[2]  A certificate of appealability will not issue because Petitioner has not made a substantial showing of the denial of a constitutional right.  See 28 U.S.C. § 2253(c) (2007).  The Clerk of Court is hereby directed to close this case; all pending motions are moot.


            SO ORDERED.

Dated:     New York, New York
           October 22, 2007

                                    _____
                                         Kimba M. Wood
                                    United States District Judge

---

[2] Petitioner's motion for an evidentiary hearing is also DENIED. Section 2255 provides that a hearing is unnecessary where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255 (2007).  The record in this case conclusively establishes that Petitioner is not entitled to relief, and therefore an evidentiary hearing is unnecessary.